IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Clarence L. Odom, #276580           )<br>                                                        )<br>                              Petitioner,  )<br>                                                        )<br>           v.                                       )<br>                                                        )<br>Warden of Turbeville Correctional )<br>Institution,                                    )<br>                                                        )<br>                              Respondent. )<br>                                                        ) | Civil Action No.8:08-183-TLW-BHH<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

The petitioner, a state prisoner, seeks relief pursuant to Title 28, United States Code, Section 2254. This matter is before the Court on the respondent's motion for summary judgment. (Dkt. Entry # 15.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

The petitioner brought this habeas action on January 15, 2008.[1] On June 12, 2008, the respondent moved for summary judgment. By order filed June 13, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On August 4, 2008, the petitioner filed a response opposing the respondent's summary judgment motion.

**PROCEDURAL HISTORY AND FACTS**

When the petitioner filed this action, he was housed at the Turbeville Correctional Institution. (Pet.) The petitioner is currently incarcerated in the Evans Correctional

---

[1] There is not a prison mailroom stamp on the envelope containing the petition. *Houston v. Lack*, 487 U.S. 266 (1988)(holding document considered filed upon delivery to prison officials for forwarding to court). (Pet. Attach. 2.) Therefore, the undersigned is using the postmark date as the filing date.

Institution. In March 2001, the petitioner was indicted by the York County Grand Jury for possession of crack cocaine, and then in May 2001, he was indicted for distribution of crack cocaine and distribution within proximity of a school. Attorney James E. Hatcher was appointed to represent the petitioner. On June 29, 2001, the petitioner appeared before the Honorable Donald W. Beatty to enter a guilty plea. However, it appears from the record that the plea was withdrawn. Subsequently, on July 9, 2001, the petitioner appeared before the Honorable John C. Hayes, III, and entered a guilty plea to the distribution and proximity charges. He also pled guilty to possession of cocaine after the chemical analysis identified the substance as cocaine, rather than crack cocaine. (PCR App. 20.) The Honorable John C. Hayes sentenced the petitioner to fifteen years on the distribution charge, fifteen years on the proximity charge, and five years on the possession charge to run concurrently. (*Id.*) The petitioner appealed.

Chief Appellate Defendant Daniel T. Stacey represented the petitioner on appeal. On February 19, 2002, he filed a petition to be relieved as counsel and an *Anders*[2] brief in the South Carolina Court of Appeals raising the following issue: Whether the record demonstrates that the appellant understood the facts of the case in relationship to the applicable law? (Final Anders Brief 3.) On August 28, 2002, the Court of Appeals dismissed the appeal in an unpublished opinion. The remittitur was sent down on September 30, 2002.

On February 19, 2003, the petitioner filed an application for post-conviction relief ("PCR") raising the following claims:

> (a) The Applicant was denied the right to effective assistance of trial counsel by counsel's failure to object to the solicitor's introduction of drug evidence without producing or providing any drugs reports;

---

[2]*Anders v. California*, 386 U.S. 738 (1967).

2

> (b) The Applicant was denied Due Process and Equal Protection of Law due to prosecutorial misconduct in discovery procedure;
>
> (c) The Applicant was denied effective assistance of trial counsel by counsel's failure to advise him of and /or object to his Double Jeopardy prosecution;
>
> (d) The Applicant was denied effective assistance of trial counsel by counsel's failure to object to solicitor's violation of Grand Jury procedure for obtaining indictments.

(PCR App. 28-34.)

On February 25, 2003, attorney Garth H. White was appointed to represent the petitioner. (Supp. PCR App. 2.)  On March 14, 2003, attorney Stephen D. Schusterman was substituted as counsel for the petitioner. (Supp. PCR App. 3.) The petitioner, however, moved to dismiss counsel, and ultimately represented himself. (Supp. PCR App. 4-14; PCR App. 48.)[3]

On March 1, 2006, a PCR hearing was held before the Honorable Lee S. Alford. On June 21, 2006, Judge Alford issued an order of dismissal. (PCR App. 86-92.) The petitioner filed a motion to alter or amend on July 17, 2006. (PCR App. 93.) On July 28, 2006, the PCR Court denied the motion. (PCR App. 104-105.) The petitioner appealed. Assistant Appellate Defender Robert Pachak represented the petitioner on appeal. On January 29, 2007, he filed a petition for a writ of certiorari in the Supreme Court of South Carolina raising the following issue: Whether there was a valid waiver of petitioner's right

---

[3] On February 25, 2005, the petitioner filed his first petition seeking habeas relief. C/A No.8:05-482. The petitioner complained that the delay in the state PCR process had violated his procedural and substantive due process rights. However, his petition did not contain any substantive grounds for overturning his conviction. On December 7, 2005, the United States District Court adopted the report which concluded that the request to order the state PCR action be heard was not a cognizable claim in federal habeas, and the court otherwise lacked authority to direct such action.

3

to counsel? (Cert. Pet. 2.) On December 5, 2007, the Supreme Court of South Carolina denied the petition and the remittitur was sent down on December 21, 2007.

In this petition for habeas relief, the petitioner raises the following grounds for relief:

> **Ground One:** Ineffective Assistance of Counsel
>
> **Ground Two:** Double Jeopardy
>
> **Ground Three:** Involuntary Guilty Plea

(Pet. 6-9.)

## **APPLICABLE LAW**

**Summary Judgment Standard**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

**HABEAS STANDARD OF REVIEW**

Since the petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir.1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2).

Federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the

5

evidence presented in the state court proceedings," 28 U.S.C.A. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 410.

### EXHAUSTION AND PROCEDURAL BAR

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. The two theories rely on the same rationale. The general rule is that a petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

A. Exhaustion

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C. § 2254 , which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States." The statute states in part:

> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B) (I) there is either an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process, ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

6

> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this court. The United States Supreme Court has consistently enforced the exhaustion requirement.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. SCAR 207; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). The second avenue of relief is by filing an application for PCR. S.C. Code Ann. § 17-27-10 et seq. A PCR applicant is also required to state all of his grounds for relief in his application. S.C. Code Ann. § 17-27-90. Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting

a writ of habeas corpus in the federal courts. *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977); *Richardson v. Turner*, 716 F.2d 1059 (4th Cir. 1983).

B. Procedural bypass

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts. If this occurs, the person is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, *Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case. *Reed v. Ross*, 468 U.S. 1, 10-11 (1984).

Stated simply, if a federal habeas petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a petitioner has

failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

C. Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a petitioner before this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997)(citing *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991); *Teague v. Lane*, 489 U.S. 288,297-98 (1989); and *George v. Angelone*, 100 F.3d 353,363 (4th Cir. 1996).

D. Cause and Actual Prejudice

The requirement of exhaustion is not jurisdictional and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. *Granberry v. Greer*, 481 U.S. 129, 131 (1987). In order to have such claims considered, a petitioner must show sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. 478. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.*

Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S.

at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. He is required to prove that specific errors infected the trial and were of constitutional dimensions. *United States v. Frady*, 456 U.S. 152 (1982).

## **DISCUSSION**

The respondent contends that, except for the claim that regarding the validity of the waiver of PCR counsel, the grounds raised by the petitioner in this habeas action have been procedurally defaulted because the petitioner failed to raise these claims in his PCR appeal. Furthermore, the respondent contends that the petitioner has failed to argue cause and prejudice or any reason to excuse the default. The undersigned agrees. In his PCR appeal, the petitioner raised only the issue of whether the PCR Court erred in allowing him to proceed pro se. In his memorandum opposing summary judgment, the petitioner asserts ineffective assistance of PCR counsel or error on the part of PCR counsel to show cause. (Pet'r's Mem. Opp. Summ. J. Mot. at 4.) However, ineffective assistance on collateral review is not cause. *Joseph v. Angelone,* 184 F.3d 320, 325 (4th Cir.1999). As petitioner has no right to assistance of counsel in state habeas proceedings, a lack of such assistance is insufficient to establish cause. *Id.* Alternatively, the respondent contends the claims should be dismissed on their merits. The undersigned agrees and discusses each claim below.

**Ground One**

In Ground One, the petitioner alleges trial counsel was ineffective for failing to adequately investigate and discover that the petitioner was convicted of a possession charge, rather than a distribution offense, which he alleges would have affected his sentence and in failing to raise a double jeopardy claim. (Mem. Supp. Pet. at 6.) The PCR Court denied the petitioner relief on these claims and stated that the petitioner had "not

10

carried his burden of proof as to any claims of ineffective assistance of counsel." (PCR App. 90.)

To establish a claim of ineffective assistance of counsel, the petitioner must show that counsel's performance was constitutionally deficient to the extent it fell below an objective standard of reasonableness, and that the petitioner was prejudiced. *Strickland v. Washington,* 466 U.S. 668, 687-91 (1984). In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. *Id*. at 689. A petitioner who alleges ineffective assistance of counsel following the entry of a guilty plea has an even higher burden to meet. *See Hill v. Lockhart,* 474 U.S. at 53-59.

First, the undersigned notes that contrary to the petitioner's assertions, any prior drug offense, not only distribution offenses, could be used for enhancement. *Patterson v. State*, 597 S.E.2d 150, 151 (2004)("Under Section 44-53-470, a prior offense is any drug offense"). Therefore, the petitioner has not shown trial counsel was ineffective for failing to investigate the facts of the petitioner's prior drug offense and, furthermore, the petitioner has not shown any prejudice. *Hill*, 474 U.S. 52   Second, the petitioner appears to argue that trial counsel was ineffective in failing to discover an argument to reduce his sentence based on the results of the drug analysis. (Mem. Supp. Pet. at 6.)   The record shows the drug analysis was taken into account at the completed second plea and the possession of crack cocaine charge was changed to possession of cocaine, reducing the petitioner's potential sentence to five years. Accordingly, the petitioner cannot show any prejudice. Accordingly, these claims are without merit.

As to whether trial counsel was ineffective for failing to raise a double jeopardy claim, the record supports the PCR Court's conclusion that trial counsel was not ineffective. The Double Jeopardy Clause of the Fifth Amendment prohibits (1) a second prosecution for the

11

same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969), *overruled on other grounds by Alabama v. Smith*, 490 U.S. 794 (1989).

The PCR Court noted that when the plea judge was contacted, he responded that his notes reflected the petitioner "displayed some uncertainty about pleading guilty" and concluded "the transcript from the plea should resolve any questions about the disposition of the charges involved." (April 25, 2006 Letter of Judge Beatty). The PCR Court referred to the transcript of the earlier plea hearing before Judge Beatty and found that it clearly showed that the petitioner's first plea was never completed. (PCR App. 61; 63; 65; 71-72.) Further, the PCR Court noted that the court reporter confirmed the authenticity of the transcript at her deposition. (PCR App. 77-84.)

At the PCR hearing, the petitioner argued that he was sentenced to time served, nine months, by Judge Beatty and the transcript did not reflect this because it had been altered. In his memorandum opposing the respondent's summary judgment motion, the petitioner contends that Judge Beatty accepted his plea and sentenced him to ten years. (Pet'r's Mem. Opp. Summ. J. Mot. at 5.)  He cites to the transcript of the hearing where Judge Beatty stated, "Sir, you have got ten years, no and's, no if's, no but's about it (sic)." (*Id.*) However, the petitioner has taken this quotation out of context.  Judge Beatty was discussing whether the petitioner should plead guilty and he stated, "It's up to you.  But if you're pleading guilty, sir, you have got ten years, no and's, no if's, no but's about it." (PCR App. 18.)

The petitioner also argues that a letter from Judge Beatty supports his argument. Responding to an inquiry by the state Attorney Generals' Office about the petitioner's plea hearing held June 29, 2001, Judge Beatty stated that although his notes reflected that he sentenced the petitioner, it was possible that the sentence was never announced because

12

the petitioner displayed uncertainty about pleading guilty. (April 25, 2006 Letter of Judge Beatty.) He explained that often he would determine the sentence during the plea, and indicate it on his notes before the plea was completed. (*Id.*) He also stated that he did not recall signing a sentencing sheet on any of the charges. (*Id.*) Judge Beatty stated that his law clerk's notes did not reflect that the petitioner was sentenced or that he withdrew his guilty plea. (*Id.*) Finally, Judge Beatty stated that a review of the transcript should resolve any questions about the disposition of the charges. (*Id.*) Moreover, trial counsel testified at the PCR hearing that the initial plea was not completed and, had it been, he would have argued double jeopardy during the second plea hearing. (PCR App. 58-59.) The record clearly supports the PCR Court's decision. The initial plea was never completed. The transcript shows that Judge Beatty did not sentence the petitioner during the initial plea hearing and there is no evidence that the transcript was altered. Accordingly, the PCR Court's decision was not contrary, nor an unreasonable application of, clearly established federal law. Further, it was not based upon an unreasonable determination of facts in light of the state court record. Thus, this ground is without merit and this claim should be dismissed.

**Ground Two: Double Jeopardy**

In Ground Two, the petitioner alleges that he was sentenced in violation of the double jeopardy clause. (Pet. Mem. 4.) This is essentially the same double jeopardy claim discussed above, but raised as a free-standing claim. As discussed above, the petitioner's double jeopardy issue is without merit. Accordingly, this free-standing claim should also be dismissed.

**Ground Three: Involuntary Guilty Plea**

In Ground Three, the petitioner alleges his guilty plea was involuntary. In his memorandum supporting his petition, he generally alleges that his plea was not voluntary.

(Pet'r's Mem. Supp. Pet. at 3; 5.) However, he does not make any specific arguments regarding this claim. In any event, a review for the transcript of the completed plea shows a knowing and voluntary plea. Accordingly, this claim should also be dismissed.

**Ineffective Assistance of PCR Counsel Claims[4]**

Finally, to the extent that the petitioner is attempting to argue ineffective assistance of PCR counsel and defects in the state PCR process, these claims should also be dismissed. Ineffective assistance of PCR counsel is not a ground for federal habeas relief. *Coleman v. Thompson*, 501 U.S. 722 (1991). Furthermore, alleged procedural errors in a state PCR proceeding are also not grounds for federal habeas relief. *Wright v. Angelone*, 151 F.3d 151, 159 (4th Cir. 1998)( "a challenge to Virginia's state habeas corpus proceedings cannot provide a basis for federal habeas relief") (*citing Bryant v. Maryland,* 848 F.2d 492, 493 (4th Cir.1988)). Accordingly, these claim should also be dismissed.

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the Respondent's Motion for Summary Judgment (#15) be GRANTED and the habeas petition be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

                                                 s/Bruce Howe Hendricks
                                                 United States Magistrate Judge

November 13, 2008
Greenville, South Carolina

**The petitioner's attention is directed to the important notice on the next page.**

---

[4] This claim was not set forth in the petition. However, the petitioner argues it as a ground in his memorandum. (*See* Pet'r's Mem. Supp. Pet. at 3.)

15

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).